We're going to move now to case number seven for this morning, Jeffrey Malkan v. American Bar Association et al. And Mr. Malkan, we'll begin with you. Thank you, Your Honors. May it please the Court, the only issue on this appeal is whether the damages I allege in the complaint are fairly traceable to the ABA's role in the accreditation fraud. The only issue on this appeal is whether the damages I allege in the complaint are fairly traceable to the ABA's role in the accreditation fraud that I also allege in the complaint. The district court ruled that there was absolutely zero connection between these two allegations on that basis dismissed my complaint with prejudice. A dismissal with prejudice on a 12B1 motion is an abuse of discretion. All other issues on this appeal must be judged on the de novo standard. My first point is that the ABA protected and endorsed an accreditation fraud that divested me of all of my legal rights against the state of New York. I have never called upon the ABA to take any individual action on my behalf. I only asked for it to maintain its own standards as rules of general application. But instead of protecting the clinical faculty as it is legally required to do, the ABA protected the law school by authorizing it to operate with fraudulent contracts and fraudulent due process rules. I relied on the ABA to keep the clinical faculty standard in place so that I could seek to enforce my legal rights through the judicial process. That was its promise to the U.S. Department of Education as well as to the clinical professors who entrusted their reputations, careers, and livelihoods to the integrity of the ABA's accreditation process. But that one crucial thing, however, is just what the ABA has refused to do. My second point is that the district court was clearly in error when it ruled that my damages were not fairly traceable to the ABA because of the independent and lawful actions of a third party not before the court. To the contrary, the dean of an ABA accredited law school does not have the independent and lawful authority to terminate a tenured professor without due process. Former Dean Matua was in defiance of standard 405C as well as the UB faculty bylaws which were enacted to keep the law school in compliance with the ABA accreditation standards. What remedy do you want from the ABA? What remedy do you want from the ABA? You want them to write you a check? I think my damage is, yes, I'm not asking for reinstatement, I'm asking for monetary damages in amount to be determined at trial. I suggested, which seemed to have offended the district court, that if the ABA believes that a third party is responsible for balance of my damages, that it can impede that third party under Rule 14 and the district court seemed to have taken offense at that notion. I don't know why because I think that's the remedy. If the ABA thinks that it shouldn't be responsible for the entire range of my damages, the remedy, I think, is to impede the officials at SUNY Buffalo who it thinks share its responsibility. That would end run the litigation in New York, wouldn't it? No because that was an entirely different cause of action. This is a fraud claim. That was a due process claim. I did not even know that I had a possible fraud claim against the ABA until the Second Circuit told me that I'd been a victim of fraud. All along, I assumed that- Say that again? The Second Circuit told you? I read their opinion. Where's that at in their opinion? It's in the Second Circuit's opinion. Where at though? I've got it. It said that New York state regulations do not allow any school in the SUNY system to award contracts of more than three years. I remember that part of it, but I don't remember the part where they said you were the victim of a fraud. Well, in other words, the inference is that I was holding a fraudulent contract and relying on fraudulent due process rules because I had a contract that said it was a long-term contract, protected under 405C, it was presumptively renewable, and that I had due process rights. But there's no statement in the Second Circuit opinion. Is there that you were the victim of a fraud? I think that's the- Your Honor, I think that's the- That's your inference, right? But is there a statement in the Second Circuit opinion that says that? The Second Circuit did not use the word fraud. That's true, but I don't think there's any other way of reading that. That's the way- I don't understand. I mean, let me put it this way. I don't know how I could possibly have wound up in the Second Circuit with a worthless contract. My contract was a worthless piece of paper. It was supposedly a 405C- Well, that's the core of your issue in that litigation. Yes, yes. Right? You just didn't prevail on it. That's true. Which I- I don't know how we fixed that. Because this is a different claim. This is a fraud claim that was a due process claim. Against an entirely different party. It's true. It's true. I mean, I did not know that the ABA was responsible for authorizing SUNY Buffalo to go forward and give out fraudulent contracts to maintain fraudulent due process rules, to file fraudulent accreditation reports over a period of more than 15 years, until the Second Circuit told me that I had nothing. And it was the ABA's responsibility to- I'm not saying that the ABA was responsible for terminating my contract, terminating my employment, or any of that. The only thing I said that the ABA is responsible for is keeping the framework of legal rights in place, upon which I relied, and upon which every single clinical professor and most legal writing professors in the country rely upon. Mr. Balkin, the district judge, on page 11 of his opinion, talks about plaintiff conceded that he did not require any further amendments to his complaint. Does that remain the case now? Your Honor, I think we had- I did not understand that the district court said that to me. When we came into court, Judge Blakey told me that you can go home to New York and amend your complaint and come back again, or I can decide the case now. Would you like me to decide it now, or would you like to come back at a later date and amend it? I thought the entire motion to dismiss on the subject matter grounds was frivolous, and I said, I want to proceed, I want to move this case forward. I did not understand him to say that if I decide this case, I'm going to- if I dismiss the complaint, I'll close the case on the same day, and you're waiving any right to amend it, any rights that I otherwise would have had, and so the answer is no. Either we had a misunderstanding, I misunderstood him, or he misunderstood me, but I can tell you right now that I did not waive my right to amend the complaint that completely took me by surprise. All I said was, today, let's decide this motion. What would that amendment be? The amendment would be that if he did- he doesn't- he seemed not to understand what my damage claim was, because he said my damage was the stigma of a four-cause termination, and my claim is that my stigma- I mean, my damages were the divestment of all of my legal rights that I had against the state of New York. I had no due process rights, no contractual rights, no property interest in state employment, and the reason that I lost all those rights is that the ABA refused to keep standard 405C in place. I was alleging that the standard itself is fraudulent, and the ABA's administration of that statute- of that standard is fraudulent. I understand that's your theory of prosecution, but what would the amendment be? I kind of feel like- I kind of feel like I'm a first-year legal writing student, and, you know, if I put an F on a student's paper, they expect to get one rewrite, like maybe I didn't express myself clearly. Maybe he didn't understand what my damages were, so maybe I have to move some paragraphs around. I mean, I think in my reply brief, I very clearly show that these were my allegations, and that the district court did not understand the allegations in my complaint, nor my attempt to clarify them in my response to this motion, my motion papers, but if that's the case, I would like to come back and do a rewrite. I mean, I don't think anything would substantively change. I think everything was in there, but if there was any confusion or misunderstanding, I'd like to have at least one amended complaint to make sure that my case is actually heard, that I actually am getting due process. Would you like to reserve the remainder of your time? Yes. All right. Very good. Thank you. Thank you. We'll next hear from the appellee, Mr. Horowitz. Thank you, Your Honor. May it please the court. The district court was correct to conclude that there is zero connection between the allegations of injury that Mr. Malkin set forth in his complaint and any alleged misconduct on behalf of the ABA. Now, in his complaint, Mr. Malkin describes what appear to be three kinds of injury. First is termination. Well, he says in his brief in this court that that's absolutely not the injury that he thinks is traceable to the ABA. He says on page three of his brief, the ABA couldn't do anything about that. Okay. Then there's the stigma associated with that termination being for cause. That's how we understood the complaint, but he says at page 19 of his brief in this court, again, that's not what I'm blaming the ABA for. That's not the basis for my standing in this court. So what's left then is the allegation of a deprivation of due process in those federal court proceedings in the Western District of New York and in the Second Circuit. And even if there was some cognizable injury that could be associated with that, it still wouldn't be traceable to anything that the ABA did. Nothing the ABA did in accrediting the law school in the first place or declining to sanction the law school for an asserted violation of 405C could change the process that Mr. Malkin received or didn't receive in the Second Circuit and in the Western District of New York. The Article III judges that comprise those courts make their own decisions entirely independent of the ABA. We have no control over what they do or what processes they afford to litigants. Likewise, we have no control over the Attorney General of New York making whatever arguments he wants to make on behalf of the law school in those forums. Mr. Horwitz, I just ask you to focus on the, I know, I understand why, very articulate as to why you'd like this dismissal to be with prejudice. But, you know, the fact of the matter is we have, do we not, an Article III standing dismissal that hasn't touched the merits of this. And I took a look at Ike, I don't know how you want to pronounce that, but I took a look at it. It seems like a very different circumstance, does it not? And the concern that I have is in the ordinary course when we have an Article III subject matter jurisdiction dismissal, you know, that's without prejudice. Now, to be sure, Mr. Malkin proceeds at his own peril in the district court and as he so chooses. But isn't the ordinary course for the dismissal to be without prejudice? So the short answer is yes. And I want to separate out the question about leave to amend from the question of whether the dismissal should be with or without prejudice. With respect to the with or without prejudice point, I take your point, Judge Scudder, absolutely the typical course is to dismiss without prejudice simply because jurisdictional. Doesn't mean he can replead, it just means it's not a merits determination. And I think in circumstances like this where there was a dismissal that says it's with prejudice really should have been without in the typical case. It's very simple, as in Lennon and Miller, to simply modify the judgment on appeal to be without prejudice and affirm the judgment as modified. Those are the other two cases mentioned in that 20HA letter. If that's the simplest course for the court to take, we're perfectly fine with that. We also just noted that in some circumstances, as in the Aik or Aik case, the merits and the standing inquiry are so closely intertwined that may not make much of a difference. With respect to the leave to amend point, since this was a focus of Mr. Malkin's presentation, I'd like to direct the court's attention to docket number 24, which is included in the short appendix. It is a text-only entry, but what it is is it's Judge Blakey, after we filed our motion to dismiss, but before we came in for the hearing that Mr. Malkin referred to, directing Mr. Malkin to his standing order on motions to dismiss, where Judge Blakey sets forth his procedure, which is if the defendant files a motion to dismiss, rather than having a rigmarole about amendment or not amendment in various cases, I'm just going to ask that you come in, the plaintiff, come in and be prepared to make an election. If the motion to dismiss looks like the sort of thing that you would add allegations to your response to, then you should elect to amend. If you don't think the motion to dismiss makes any difference or, frankly, if you think that there's nothing that could cure the problem that's been identified, you can stand on your current pleading. That's what the standing order says. He was directed to it before he flew out to Chicago for this hearing, and then he came in and Judge Blakey asked him the question, got the standing order, what's your position? I'm going to stand on my pleading. So it's not a lack of notice for Mr. Malkin. He had the opportunity to make his decision before coming out, and I understand that he had to travel, but he could have contacted the court's deputy and just said right up front, you know, we should probably cancel the notice hearing because I'm going to amend. But what he can't do is waive the right to amend and then come in on appeal and say there was some error in filling and give him the opportunity. Now separate from that, the court gave him an opportunity today to explain what are the allegations that you would add to overcome the problem. He didn't identify a single fact. All he said is move around some paragraphs, try to make it clearer what he was alleging. Well respectfully, I think the complaint is sufficiently clear that there's no connection between the injury and the ABA's conduct, and in fact today Mr. Malkin began his argument by saying he doesn't think the ABA should have done anything individually with respect to him. This is something broad about how accreditation is supposed to work for clinical professors across the country. Respectfully, that is not a concrete dispute between parties with adverse interests. That is not the kind of case or controversy that justifies the exercise of Article III jurisdiction in a federal court. If there are no further questions, I cede the balance of my time. Thank you. Mr. Horowitz, Mr. Malkin will recognize you for rebuttal. Thank you, Your Honor. Just two brief points. First, I couldn't possibly on the day that I was standing before Judge Blakey have even imagined that he would interpret my complaint to say that my damages were limited to the stigma of a four-cause termination. In fact, that allegation is in there so that I could explain the context of my damages, which is that why didn't I mitigate my damages? There was an underlying breach of contract. In any breach of contract claim, you have to explain why you're here. Why didn't you just find another job? And the problem is that Standard 405C says that if you're terminated, every other law school is going to presume that you were terminated for cause. And that was the context of my damages, but I couldn't in my wildest dreams have imagined that the decision would have come back saying Malkin's damages are limited to the stigma of a four-cause termination. The second point is simply that I'm not just making some kind of general claim about the ABA failing in its duties to everybody. I was relying on the ABA to keep the legal framework of my rights in place. That was a damage to me individually. I'm alleging that it was a fraudulent accreditation standard, and I'm alleging that at the end of the game, after I sent them a copy of the Second Circuit's opinion and the ABA said, we find no violation of the ABA accreditation standards, that that was damages to me, that that took away all of my legal rights that I was relying upon. I would never have accepted a job at Sydney Buffalo Law School with a 405C protected contract if I knew that there was no 405C. So that's why my primary claim is promissory fraud. I'm saying that an accreditation standard is a promise of future performance upon which I relied. It led me into a trap of accepting a job that was really a non-existent job, and that destroyed everything that I worked for my whole career, my reputation, my livelihood, and my vocation. Thank you, Mr. Malkin. Thank you. Thank you, Mr. Horowitz. I appreciate the arguments of both parties. The case will be taken under advisement.